IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

R. ALEXANDER               §
ACOSTA, Secretary of       §
Labor, United States       §
Department of Labor,       §
    Plaintiff,           §
                           §               EP-16-CV-282-PRM
v.                         §
                           §
FIVE STAR AUTOMATIC        §
FIRE PROTECTION,           §
LLC,                       §
    Defendant.           §

## MEMORANDUM OPINION AND
## ORDER GRANTING PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND PRETRIAL SUBMISSIONS

On this day, the Court considered Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor's [hereinafter "Plaintiff"] "Motion for Leave to Amend Plaintiff's Pretrial Submissions" (ECF No. 56) [hereinafter "Motion"], filed on September 15, 2017, and Defendant Five Star Automatic Fire Protection, LLC's [hereinafter "Defendant"] "Response to Plaintiff's Motion for Leave to Amend Plaintiff's Pretrial Submissions" (ECF No. 57) [hereinafter "Response"], filed on September 22, 2017, in the above-captioned cause. In its Motion, Plaintiff requests that the Court grant leave for Plaintiff to

amend its pretrial submissions filed on June 9, 2017.  Mot. 1.
Defendant asserts that Plaintiff's Motion should be denied because
Plaintiff failed to show good cause and because Plaintiff's actions
demonstrate "a lack of excusable neglect."  Resp. 7–10.  After due
consideration, the Court is of the opinion that the Motion should be
granted for the reasons set forth below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case stems from the Department of Labor's [hereinafter
"DOL"] allegations that Five Star did not properly compensate some of
its current and former employees from 2013 to 2015, and failed to
maintain accurate payroll records in violation of the Fair Labor
Standards Act ("FLSA").  Compl. 1–2, July 7, 2016, ECF No. 1.
Specifically, the DOL attaches a list to its Complaint ("DOL List")
containing the names of fifty-four current and former employees for
whom back wages are sought.  Compl. Ex. A.  The DOL alleges that the
employees did not include pre- and post-shift time that they worked on
their time cards and that the employees were not properly compensated
for this time.  Compl. 2.  Five Star denies that it failed to properly

compensate any of its employees.  Mot. 2.[1]

Pursuant to the Court's "Order Concerning Courtroom Decorum and Trial Procedures" (ECF No. 21), filed April 27, 2017, the parties were required to submit their pretrial submissions to the Court by June 5, 2017.  On May 24, 2017, Plaintiff's filed an "Unopposed Motion to Extend the Time to File Pre-Trial Submissions from June 5, 2017 to June 9, 2017" (ECF No. 41).  The Court granted this motion.  Order Granting Motion to Extend Scheduling Order Deadlines, May 24, 2017, ECF No. 42.

Both parties filed their pretrial submissions with the Court on June 9, 2017.  Pretrial Disclosures Local Rule 16(e) Materials by Five Star Automatic Fire Protection, LLC, June 9, 2017, ECF No. 45; Pretrial Disclosures Including Witness List, Ex. List and Proposed Findings of Fact and Law by United States Department of Labor, June 9, 2017, ECF No. 48.  On June 20, 2017, the Court ordered that the bench trial scheduled for June 26, 2017 be vacated, Order Vacating Trial Date, ECF No. 50, and set the new trial date for October 16, 2017,

---

[1] A further recitation of the facts in this case can be found in the Court's "Memorandum Opinion and Order Denying Defendant's Motion for Summary Judgment," July 24, 2017, ECF No. 55.

Order Resetting Trial Date, June 26, 2017, ECF No. 52.

In reviewing the pretrial submissions of Defendant, Plaintiff alleges that there were "listed time sheets and payroll records on its exhibit list that Plaintiff had never before seen," and that had not been produced during Department of Labor investigator Sandra Alba's [hereinafter "Investigator Alba"] investigation of this matter. Mot. 2. Plaintiff then requested that Defendant gather and produce these documents. *Id.* Defendant agreed, and delivered the documents to Plaintiff on June 22, 2017. *Id.* Investigator Alba then performed a review of these "voluminous documents," which she completed on September 7, 2017. *Id.* The review revealed "additional overtime violations" previously unknown to Plaintiff. *Id.* Plaintiff therefore filed this Motion to amend its pretrial submissions in accordance with the newly discovered violations. Mot. 1.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order issued by a court "may be modified only for good cause and with the judge's consent." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be

4

met despite the diligence of the party needing the extension.'" *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, courts consider "(1) the [movant's] explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (second, third, and fourth alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

## III.  ANALYSIS

After considering the four factors that the Fifth Circuit Court of Appeals requires district courts to consider in determining whether good cause exists for modifying the Court's Scheduling Order, the Court is of the opinion that Plaintiff has demonstrated good cause.

### A.  Plaintiff's Explanation for Untimeliness

The Court must first consider Plaintiff's explanation for its request to file its motion to amend its pretrial submissions.  Plaintiff alleges that, during its investigation prior to the filing of this suit, "the

Defendant refused to provide complete time and payroll records based on the advice of its counsel, even though such a request is routine and employers' provision of such records upon request is customary and expected." Mot. 1.  Additionally, "complete time and payroll records for the investigation period were not made available or provided to Plaintiff prior to the close of discovery, although requested by Plaintiff." *Id.*

Plaintiff asserts that it first discovered that it had incomplete time and payroll records when Defendant filed its pretrial submissions on June 9, 2017. *Id.*  In these submissions, Defendant "listed time sheets and payroll records on its exhibit list that Plaintiff had never before seen." Mot. 2.  Plaintiff then contacted Defendant's counsel to raise this issue, and Defendant agreed to gather and produce these documents to Plaintiff. *Id.*  These documents were produced to Plaintiff on June 22, 2017. *Id.*  Plaintiff alleges that this was the first time that complete records had been made available to them, despite requests by Investigator Alba for these very records.  Mot. Ex. A at 7.

Once received, Investigator Alba "personally completed a labor intensive review and analysis of these voluminous records on September 7, 2017." *Id.*  According to Plaintiff, this review "revealed

additional overtime violations on the face of Five Star's records." *Id.* In particular, Investigator Alba found that Defendant has underpaid overtime to sixteen employees. *Id.* These violations were not previously known to Plaintiff, and were in addition to the pre- and post-shift violations previously computed for these same employees. *Id.*

Plaintiff contends that, had the requested records been provided to Plaintiff during its investigation, in discovery, or prior to the filing of pretrial submissions, Plaintiff could have brought these violations to the Court's attention at an earlier time. Mot. 2. Without the records, however, Plaintiff was not put on notice that there were additional violations until its review of Defendant's pretrial submissions. *Id.* More specifically, these records made Plaintiff aware that there was a "second way, in addition to the pre-shift and post-shift time, that [Defendant] underpaid these employees overtime." Mot. Ex. 2 at 3.

In response to Plaintiff's explanation for its untimeliness, Defendant asserts that the record does not support Plaintiff's allegations that it had no access to these documents until three months ago. Resp. 1. Defendant argues that Investigator Alba did not request the documents until 2015, despite Defendant's "willingness to allow

inspection and copying of the voluminous records." Resp. 1. In response to Plaintiff's requests for production of employee payroll packets, Defendant claims that it informed Plaintiff that it would "provide a sample payroll packet for one week and make all of the others 'available for inspection and/or duplication.'" Resp. Ex. F. Defendant contends that production of all of the payroll packets would have been more than 8,000 pages, which is why only a sample payroll packet was provided. Resp. 5. Defendant claims that its offer to produce all payroll packets was reiterated at a "meet and confer" session with Plaintiff, and Plaintiff again declined the offer at that time. Resp. 6.

Defendant further contends that Plaintiff never sent a letter or email to Five Star "complaining" that Five Star was refusing to produce these documents, or ever raised the issue at either of the two docket calls in the case. Resp. 7. Defendant thus asserts that Plaintiff "was not diligent in reviewing the payroll packets," and cannot offer any other explanation for its "undue delay." *Id.*

The Court concludes that Plaintiff offers a suitable explanation for its untimeliness. Although Defendant offered to produce all payroll

8

packets to Plaintiff, Defendant admits that the complete production of these records would have been more than 8,000 pages.  With only a sample payroll packet produced, Plaintiff was not on notice that additional violations apart from the pre-shift and post-shift violations even existed until the filing of the pretrial submissions revealed time sheets and payroll records that Plaintiff had not seen.  After discovering these records, Plaintiff promptly contacted Defendant to produce these documents and began its review.  The Court concludes that Plaintiff's discovery of new violations as a result of the filing of pretrial submissions—of which it was not on notice prior to this filing—and the task of inventorying, copying and reviewing all of the records contained in three separate boxes delivered to Plaintiff on June 22, 2017, provides sufficient reason for Plaintiff's late filings.  Mot Ex. A at 8–9.

Thus, the Court finds that Plaintiff has provided an adequate explanation for its Motion.

## B.    Importance of Plaintiff's Amendments

The second factor that the Court must consider is the importance of Plaintiff's amendments to its pretrial submissions.  Plaintiff asserts that the importance of the amendments stems from their effect on

9

Defendant's employees, "who are the ultimate beneficiaries of any back wages and liquidated damages recovered, [and] should not be penalized because Defendant did not provide the records as requested during the investigation and more importantly during discovery." Mot. 3. Defendant fails to address the importance of Plaintiff's amendments in its Response.

The Court finds that the amendments are important given the newly discovered evidence supporting Plaintiff's allegations of additional overtime violations affecting sixteen of Defendant's employees.

## C.   Potential Prejudice

The Court must next consider whether allowing Plaintiff to amend its pretrial submissions would cause prejudice and whether a continuance may cure such prejudice.

Plaintiff asserts that Defendant "cannot claim prejudice" because "the face of the record violations [do not] depend on the testimony or recollections of employees over whom it has no access, did not depose, or who have nefarious motives." Mot. 3. Additionally, Defendant "cannot claim that the violations rely on information over which it had no

access, knowledge, or control . . . [n]or, can it claim that the records were created by persons it objects to as not untrustworthy, as it did with the pre- and post-shift violations." *Id*. Therefore, Plaintiff suggests there is no prejudice because the violations were shown on records that Defendant "created and kept in its possession." *Id*.

Defendant argues that the Court's granting of this Motion would cause prejudice. Defendant contends that it had "no reason to review in detail the voluminous payroll packets to anticipate a damages model which [Plaintiff] had not previously suggested." Resp. 8. Defendant contends that it is now "facing the prospect of having to do a massive document review and calculation of damages on a different basis than [Plaintiff] indicated at the time of its investigation in 2015 and discovery earlier this year." *Id*. More specifically, Plaintiff introduces methodology for computing the overtime pay deficiencies found in Investigator Alba's review through a "weighted average method" and a "rate in effect method." Mot. Ex. 4 at 11–13. Defendant argues that this methodology creates a "new, different, and modified damage calculation methodology on the eve of trial." Resp. 10. Defendant thus "would agree reluctantly to a continuance, but respectfully submits, in

11

the interest of due process and judicial economy, that the case be left 'as is' and the pretrial submissions that would have governed had it gone to trial as originally scheduled." Resp. 1.

The Court understands that Plaintiff's amendments to its pretrial submissions will likely prejudice Defendant.  When "[r]ead in context with the fourth factor–the availability of a continuance to cure prejudice–the prejudice factor is [] concerned with issues of notice and preparation . . . which would cause one party to be less prepared for a trial than another." *Basic Sports Apparel, Inc. v. Grupo Espiral, L.C.*, 2015 WL 769756, at *3 (W.D. Tex. 2015).

Here, Defendant has not yet had sufficient opportunity to review documents identified by Investigator Alba as containing additional overtime violations and to consider and examine Plaintiff's methodology for these damages.  Plaintiff's amended pretrial submissions allege new, somewhat complicated methodology for calculating wages that Plaintiff has allegedly never before included in its pleadings to the Court. Additionally, Defendant was "never informed during the investigation, discovery, or in pleadings filed with the Court prior to [this Motion] that there might be an alternative methodology for calculating damages."

Resp. 2.  In preparing for trial, Defendant would now be forced to review the documents provided to Plaintiff—which took Plaintiff three months to complete—in order to identify the alleged additional violations and apply the new methodology in just three weeks.  Given the proximity of trial and the volume of the documents at issue, the Court finds that the granting of this Motion would prejudice Defendant, causing Defendant to be less prepared for trial on this issue than Plaintiff.

However, under the fourth factor, the Court finds that a continuance would cure any prejudice resulting from this Motion.  The Court acknowledges that this matter was filed in June 2016, and that the trial date has previously been rescheduled.  Order Resetting Trial Date, June 26, 2017, ECF No. 52.  The Court concludes, however, that Defendant should be provided an opportunity to review these records and the methodology Plaintiff applied in its amended submissions.  Mot. Ex. 4 at 11–13.  As such, the Court will continue this matter until December 11, 2017.[2]

---

[2] The parties have consented to refer this case to Magistrate Judge Leon Schydlower.  Plaintiff's Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, Oct. 3, 2017, ECF No. 62; Defendant's Notice,

Having considered the above factors, the Court concludes that good cause exists to allow Plaintiff to amend its pretrial submissions.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Pretrial Submissions is **GRANTED**.

**IT IS FURTHER ORDERED** that the bench trial currently set for October 16, 2017 is hereby **RESET** for December 11, 2017 before Magistrate Judge Leon Schydlower.

**SIGNED** this _4_ day of **October, 2017.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

Consent, and Reference of a Civil Action to a Magistrate Judge, Oct. 3, 2017, ECF No. 63.